# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## TACOMA DIVISION

| | |
|---|---|
| JENNIFER DEGROSS and SHANE DEGROSS, | Case no.: 3:24-cv-05225-DGE |
| *Plaintiffs,* | The Honorable David G. Estudillo |
| v. | |
| TANA SENN, in her official capacity as Secretary of the Washington State Department of Children, Youth, and Families, NATALIE GREEN, in her official capacity as Assistant Secretary of Child Welfare Field Operations, RUBEN REEVES, in his official capacity as Assistant Secretary for Licensing, and JEANINE TACCHINI, in her official capacity as Senior Administrator of Foster Care Licensing, | **JOINT FINAL JUDGMENT AND PERMANENT INJUNCTION** |
| *Defendants.* | |

FINAL JUDGMENT
(Case No.: 3:24-cv-05225-DGE)
1

Alliance Defending Freedom
44180 Riverside Pkwy
Lansdowne, Virginia 20176
(571) 707-4655

## BACKGROUND

At issue in this case is a Washington Department of Children, Youth, and Families (the "Department" or "DCYF") regulation governing licensing of foster parents. Section 110-148-1520 of DCYF's administrative code provides the minimum licensing requirements established by DCYF. Section 1520(7) requires prospective parents to connect foster children "with resources that support[ ] and affirm[ ] their needs regarding … SOGIE [sexual orientation, gender identity, and expression]." Wash. Admin. Code § 110-148-1520(7). Section 1520(9) also requires prospective parents to support foster children's SOGIE "by using their pronouns and chosen name." Wash. Admin. Code § 110-148-1520(9).

Plaintiffs in this case, Shane and Jennifer DeGross, were licensed foster parents for nine years before Olive Crest, their chosen child-placing agency, could not certify their application for license renewal to DCYF because Plaintiffs could not comply with § 1520's requirements related to names and pronouns. They sued various Department officials and alleged that these requirements violate their First Amendment rights.

The parties subsequently agreed that Plaintiffs could reapply for their license and seek a waiver under § 110-148-1630(1) of the administrative code. Under this provision, the Department may "make exceptions" to the licensing rules, as well as "limit or restrict [the applicant's] license … to ensure the safety and well-being" of foster children. Wash. Admin. Code § 110-148-1630(1), (2). Plaintiffs submitted an application through Olive Crest.

In 2025, the Department issued the DeGrosses a waiver of § 1520(9), which included the following parameters: (1) children ages 2 to 18 years old may be placed in the home for respite care, and children ages 2 to 5 years old may be placed in the home for foster care; (2) Olive Crest must conduct a thorough review of a child's case plan before they are placed in the home; (3) emergency placements

FINAL JUDGMENT
(Case No.: 3:24-cv-05225-DGE)
2

Alliance Defending Freedom
44180 Riverside Pkwy
Lansdowne, Virginia 20176
(571) 707-4655

are prohibited to allow Olive Crest to conduct a thorough review of the individual needs of a child; (4) Olive Crest will defer a recommendation for adoption until there is an identified child; (5) a child's caseworker shall be notified of the waiver to verify that there are no known gender diverse identity considerations; and (6) the DeGrosses are required to complete LGBTQIA+ Basics for Supporting Youth in training within the first year of their license. (Dkt. 41-3 at 3)

Plaintiffs subsequently filed an amended complaint challenging these restrictions. (Dkt. 41). After this Court granted in part and denied in part Defendants' motion to dismiss (Dkt. 62), the parties agreed to a settlement according to the terms set out below in their Joint Proposed Final Judgment and Permanent Injunction.

Consistent with the parties' agreement,

**IT IS HEREBY ORDERED:**

1. DCYF is prohibited from denying foster family home license applicants, or licensed foster parents seeking renewal of their license, a full license consistent with the requests of the applicant/licensee or attaching any conditions or restrictions to the license solely because of their religious beliefs, including speech and actions pertaining to marriage, gender, or sexual relationships.

2. To effectuate the requirements of Paragraph one, DCYF will revise the current version of § 110-148-1520(7) to require that foster parents and prospective foster parents be given the options to: (a) connect a child with resources and supports in the home and community; or (b) refrain from impeding DCYF or other support persons from facilitating their connection to and engagement with resources and supports related to their race, religion, culture, SOGIE, developmental capabilities, tribal affiliations, heightened medical needs, behavioral needs, and any other aspect of the child's individual identity; or some combination of both (a) and (b).

FINAL JUDGMENT
(Case No.: 3:24-cv-05225-DGE)
3

Alliance Defending Freedom
44180 Riverside Pkwy
Lansdowne, Virginia 20176
(571) 707-4655

3.    DCYF is prohibited from requiring foster parents to agree to use prescribed words or language, including chosen pronouns, to express views about sexual orientation, gender identity, or gender expression inconsistent with their sincerely held religious beliefs as a condition of licensure. To effectuate the requirements of this Paragraph, DCYF will remove the current version of § 110-148-1520(9).

4.    DCYF may not impose any per se standard, rule, or policy that categorically disqualifies foster parents from being considered for any particular placements, in whole or in part, based on their religious beliefs concerning marriage, gender, and sexual relationships.

5.    DCYF shall rescind the waiver restrictions applied to the DeGrosses consistent with paragraphs 1 and 3 above and shall confirm in writing that the DeGrosses have a full and unrestricted foster care license. DCYF shall not condition any future license renewal on the DeGrosses' participating in any waiver process arising from their religious objections at issue in this litigation.

6.    During the licensing process, DCYF shall be permitted to inquire about an applicant's views regarding SOGIE. This line of inquiry shall be no different from other information gathering concerning the variety of identities of prospective children in care.

7.    Nothing in this Order prohibits DCYF or a child-placing agency from inquiring about a child's SOGIE before placement, just as it does for all children for all components of their individual characteristics, including identities.

8.    Nothing within this Order vests within foster families any right to placement of a specific child. Because DCYF is responsible for protecting children's constitutional rights to be free from unreasonable risk of harm, including to their physical and emotional wellbeing, nothing in this Order interprets, affects, or changes DCYF's authority or obligations under applicable law to exercise its sole

Alliance Defending Freedom
44180 Riverside Pkwy
Lansdowne, Virginia 20176
(571) 707-4655

discretion concerning children's foster placements. Nothing in this order prohibits DCYF from deciding a child's placements based on its individualized consideration of the child's needs and of a foster parent's concerns or limitations (including where religiously motivated) on their ability or willingness to meet the child's specific needs, including with regard to their SOGIE. To the extent that placement or continued placement of a particular child with a prospective foster parent causes or is likely to cause harm to the child, including to their wellbeing, and regardless of the reason for the harm-causing behavior (religious or otherwise), nothing in this Order prohibits or prevents DCYF from removing a child or declining to place a child.

9. Nothing in this Order prohibits DCYF from denying a license when an applicant does not meet the minimum licensing requirements articulated in ch. 110-148 WAC, as long as the denial is otherwise consistent with the terms of this Order.

10. The intent of this Order is that DCYF may not exclude from full licensure applicants or foster families solely because of their sincerely held religious beliefs concerning marriage, gender, or sexual relationships or because they seek to speak and act consistently with these beliefs. *See Bates v. Pakseresht*, 146 F.4th 772, 784–801 (9th Cir. 2025).

11. Defendants shall pay Plaintiffs' costs and attorney fees in the amount of $250,000 within 90 days of this Order.

12. This Order shall operate as a final judgment of the Court, and the parties agree that it represents a complete resolution of all claims and defenses without prejudice to the parties' rights concerning any future occurrences or circumstances.

13. The Court retains jurisdiction to enforce the terms of this Order as may be necessary. Before the Court entertains any enforcement request concerning an alleged violation of this Order, the complainant must first negotiate in good faith with DCYF for at least 30 days to attempt to resolve any dispute. If they are unable

FINAL JUDGMENT
(Case No.: 3:24-cv-05225-DGE)
5

Alliance Defending Freedom
44180 Riverside Pkwy
Lansdowne, Virginia 20176
(571) 707-4655

to reach a resolution within 30 days, either the Defendants or the complainant may request the involvement of a mediator to resolve the dispute. Mediation is not mandatory under this Order. If the Defendant and complainant agree, they may proceed to mediation. The costs of mediation shall be split 50-50 between the Defendant and complainant. This 30 day negotiation requirement shall not apply to a complainant who reasonably believes that an actual or threatened violation of this Order may imminently result in the revocation of a license and, as a result of the revocation, the removal of a child from the complainant's home as a consequence of the complainant's loss of licensure, provided that nothing in this provision confers jurisdiction on the Court to prevent or delay a child's removal.

14. The Clerk's Office is directed to mark this case as closed.

**APPROVED and SO ORDERED**:


Dated this 20th day of May, 2026.   _____

David G. Estudillo
United States District Judge

FINAL JUDGMENT               Alliance Defending Freedom
(Case No.: 3:24-cv-05225-DGE)       44180 Riverside Pkwy
6                              Lansdowne, Virginia 20176
                              (571) 707-4655